UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No. 05-C-1348

APPROXIMATELY $10,100.00
IN UNITED STATES CURRENCY,

    Defendant.

**ORDER DENYING MOTION TO STRIKE CLAIM, FOR DEFAULT, AND FOR JUDGMENT OF FORFEITURE**

The government commenced this civil forfeiture action by filing a verified complaint on December 27, 2005. The complaint alleges that the defendant currency "was used, or intended to be used, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, et seq., and is, therefore, subject to forfeiture to the United States of America pursuant to Title 21, United States Code, § 881(a)(6)." (Comp. at ¶ 7.) On January 31, 2006, Daniel V. Sharp, II ("Sharp") filed a verified claim alleging that the currency was from "legitimate income and not drug transactions." It appears that the currency was discovered by law enforcement officials in the pocket of a pair of Sharp's pants.

On June 5, 2006, the government filed a motion to strike Sharp's claim, for default, and for judgment of forfeiture. The basis of the government's motion is that Sharp, who is proceeding pro se, did not file his answer to the complaint in the requisite time. Title 18 U.S.C. § 983(a)(4)(B)

requires a person asserting an interest in seized property to "file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim." Likewise, Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims requires that "a person who files a statement of interest in or right against the property must serve and file an answer within 20 days after filing the statement." Fed. R. Civ. P. Supp., Rule C(6)(a)(iii).

Sharp did not file an answer within 20 days of the filing of his claim. However, on June 15, 2006, Sharp filed a letter in response to the government's motion. In the letter, Sharp expresses that he has been in contact with the government's attorney regarding his claim, that he is not himself an attorney, and that "[i]n responding to everything that was sent to me with respect to all time limitations I thought I was answering." The letter goes on, "[i]f saying the money is legal and I want it back is an answer, I clearly answered." (Sharp Letter filed June 15, 2006 at 1.) Furthermore, the letter was sent by Sharp from the House of Corrections.

The government cites *United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595 (7th Cir. 2000) for the proposition that Sharp should be held strictly accountable for complying with Rule C(6). Indeed, that court stated that "[s]trict compliance with Supplemental Rule C(6) is typically required." *Id*. at 598. However, that same court recognized that in certain circumstances strict compliance might not be required. *Id*. (citing *United States v. Various Computers & Computer Equipment*, 82 F.3d 582, 585 (3rd Cir. 1996) which held that under particular circumstances a pro se claimant who failed to file a claim that was verified could proceed).

Moreover, Fed. R. Civ. P. 6(b) provides that the court may, in its discretion, grant an extension of time for a party to perform most acts for cause shown. The court may "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was

2

the result of excusable neglect." Fed. R. Civ. P. 6(b)(2). In my view, none of the requirements of 18 U.S.C. § 983(a)(4)(B) or Fed. R. Civ. P. Supp., Rule C(6)(a)(iii) run contrary to the discretion to grant extensions of time provided by Rule 6(b).

With all of this in mind, I construe Sharp's letter filed June 15, 2006 as a motion for an extension of time in which to answer. In my opinion, good cause has been shown to grant the motion and Sharp's failure to answer within the allotted time was the result of excusable neglect. Simply stated, Sharp is proceeding pro se while incarcerated. Sharp was under the impression that by filing a verified claim and otherwise communicating with the government he had "answered" the complaint, despite not filing a formal answer as required by the rules. Under the circumstances, I find that this constitutes excusable neglect.

Moreover, although Sharp's June 15 letter is not captioned an answer, liberally construed it complies with the requirements of Fed. R. Civ. P. 8 to "state in short and plain terms the party's defense to each claim asserted" and "admit or deny the averments upon which the adverse party relies." The complaint in this matter is straightforward and alleges that the defendant currency should be forfeited because it was used, or intended to be used, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, et seq. On the other hand, Sharp claims in his letter that "the $10,100 in question is the legal earnings through payroll, tax filings, and the savings of a family of five." (Sharp Letter filed June 15, 2006 at 2.) The court therefore also construes Sharp's letter filed June 15, 2006 as his answer.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion to strike Sharp's claim, for default, and for judgment of forfeiture be and hereby is **DENIED**;

3

**IT IS FURTHER ORDERED** Sharp's motion for an extension of time in which to file his answer, as construed by the court, be and hereby is **GRANTED**, and Sharp's answer, as construed by the court, is accepted for filing;

**IT IS FURTHER ORDERED** that the court will conduct a Rule 16 conference at 9:15 a.m. on Friday, August 4, 2006, in Courtroom 253, U.S. Courthouse, 517 East Wisconsin Avenue, Milwaukee, WI 53202. Each party shall follow the procedures set forth in Rule 26 of the Federal Rules of Civil Procedure. In order to assist the court in conducting the Rule 16 conference, your Rule 26(f) report, which is to be filed with the court no later than July 28, 2006, should contain the following additional information:

1. A brief description of the nature of the case, including a statement regarding the basis of subject matter jurisdiction.

2. Whether the parties contemplate amending the pleadings by joining parties or for other reasons.

3. Any motions which are contemplated at this time.

4. The estimated length of trial and whether a jury is requested.

5. Such other matters as may affect the scheduling of this case for final disposition.

Documents may be submitted in Portable Document Format (PDF) and may be filed electronically by registered attorneys using the Court's internet-based Electronic Case Files (ECF) system. Please see the Court's web site at wied.uscourts.gov for more information on electronic case filing. All other parties shall file their documents traditionally on paper.

If you are located more than 50 miles from the courthouse and wish to participate telephonically, or are otherwise unable to appear personally, please contact Rita Zvers, at

414-297-3128, or send a letter to the court indicating the telephone # at which you can be reached at the above-scheduled time. The court will initiate the call.

**SO ORDERED** this 21st day of June 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge